EFILED IN OFFICE
CLERK OF STATE COURT
TROUP COUNTY, GEORGIA
**24-CS-186**
WESLEY LEONARD
APR 05, 2024 02:17 PM
Jackie Taylor, Clerk
Troup County, Georgia

**IN THE STATE COURT OF TROUP COUNTY**
**STATE OF GEORGIA**

JOEANN DEAN,

Plaintiff,

v.

WALMART INC.; ABC CORPS #1-3; AND JOHN DOES #1-3,

Defendants.

CIVIL ACTION FILE NO.:

JURY TRIAL DEMAND

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff, JOEANN DEAN, and states her complaint against Defendants WALMART INC.; ABC CORPS #1-3; AND JOHN DOES #1-3 as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff, JoeAnn Dean, is a citizen and resident of the State of Georgia.

2.

Defendant Walmart Inc. ("Walmart") is a Foreign Profit Corporation registered to do business within the State of Georgia. Defendant's registered agent, The Corporation Company, is located at 106 Colony Park Drive, Suite 800B, Forsyth County, Cumming, Georgia 30040 and may be served with process at this address.

3.

Defendants ABC Corps #1-3 are unidentified business entities which are potential, third-party tortfeasors. Defendants ABC Corps #1-3 are business entities which owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of

Defendant's business establishment and may have contributed to the negligence that injured Plaintiff. If and when putitive, entity Defendant ABC Corps #1-3 are identified, Plaintiff will timely amend her pleading and cause a Summons and complaint to be properly served.

4.

Defendants John Does #1-3 are unidentified individuals who are potential, third-party tortfeasors. Defendant John Does #1-3 either owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendant's business establishment and may have contributed to the negligence that injured Plaintiff. If and when putative, Defendants John Does #1-3 are identified, Plaintiff will timely amend her pleading and case a Summons and Complaint to be properly served.

5.

On July 25, 2022 (the "date of incident"), Defendant Walmart, owned, occupied, and/or operated a business on the property located at 955 Lafayette Pkwy, LaGrange, GA, Troup County, Georgia 30241 (the "Premises").

6.

On July 25, 2022 (the "date of incident"), Defendant ABC Corp. 1 owned, occupied, and/or operated a business on the property located at 955 Lafayette Pkwy, LaGrange, GA, Troup County, Georgia 30241 (the "Premises").

7.

The incident described herein occurred on and within the premises located at 955 Lafayette Pkwy, LaGrange, GA, Troup County, Georgia 30241.

8.

Venue in the above-styled civil action is proper in this County and Court.

## FACTS AND NEGLIGENCE

9.

Plaintiff reasserts and realleges the allegations contained in paragraphs 1-8 as if fully set forth herein.

10.

On the date of incident, Plaintiff visited the Premises to purchase items at a Walmart Supercenter operated by Defendant.

11.

Plaintiff slipped and fell on the date of incident due to a slippery substance on the floor in the frozen food aisle of the Premises.

12.

The slippery substance on the floor of the premises was an unsafe condition on the Premises.

13.

Plaintiff suffered bodily injuries as a direct and proximate result of the fall on the Premises on the date of incident.

14.

Plaintiff was an invitee on the Premises on the date of incident.

15.

Defendant owned, maintained, and/or operated the Premises on the date of incident.

16.

The slippery substance on the floor of the premises was caused or created by Defendant's employees or contractors.

17.

Defendant's negligence was the direct and proximate cause of Plaintiff's injuries resulting from her fall on the Premises on the date of incident.

18.

At all relevant times, Defendant owned, maintained, and/or managed the Premises and owed a legal duty under O.C.G.A. § 51-3-1 of reasonable care to invitees to inspect and keep the Premises in safe condition and to warn Plaintiff of hidden dangers or defects that were not discoverable in the exercise of reasonable care.

19.

Defendant, by and through its employees and/or contractors, had actual knowledge of the hazardous condition presented by the condition of the slippery substance on the floor of the Premises prior to Plaintiff's fall.

20.

Defendants, by and through its employees and/or contractors, had constructive knowledge of the hazardous condition presented by the slippery substance on the floor of the Premises prior to Plaintiff's fall.

21.

At all relevant times, Plaintiff had no knowledge of the unsafe and dangerous condition on the Premises, and it was not readily discoverable by her in the exercise of reasonable care.

22.

At all relevant times, Plaintiff exercised reasonable care for her own safety.

23.

As a direct and proximate result of Defendant's negligence, Plaintiff has sustained:

a. Serious injury as defined by the laws of the State of Georgia;

b. General Damages, including, past, present and future mental and physical pain and suffering, disruption of normal life and diminution in the enjoyment of life;

c. Past medical expenses in excess of $43,481.22; and

d. Other past, present and future medical expenses and special damages to be presented at the trial of this case.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

a. That process and summons issue and served upon the Defendant according to law;

b. That Plaintiff be awarded general damages against the Defendant in an amount to be determined by the enlightened conscience of a fair and impartial jury;

c. That the Plaintiff be awarded special damages against the Defendants in an amount to be proven at trial, and other damages as shown at the trial of this case;

d. That this case be tried before a jury of twelve; and

e. That the Plaintiff have other further relief as this Court deems appropriate.

Respectfully submitted this 5th day of April, 2024.

MORGAN & MORGAN ATLANTA, PLLC

Kyle S. Fischer
Georgia Bar No.: 222820

*Attorney for Plaintiff*

408 12th Street, Suite 200
Columbus, Georgia 31901
T: (762) 240 – 9431
F: (762) 240 – 9479
Email: kfischer@forthepeople.com

IN THE STATE COURT OF TROUP COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DEAN, JOEANN,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC.; ABC CORPS #1-3; AND JOHN DOES #1-3,<br><br>Defendants. | CIVIL ACTION FILE NO.:<br><br>JURY TRIAL DEMAND |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

COMES NOW Plaintiff and hereby requests that Defendant admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications. If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privileged claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

### REQUESTS FOR ADMISSION

1.

Please admit that on July 25, 2022 (the "date of incident"), you owned the

real property located at 955 Lafayette Pkwy, LaGrange, GA, Troup County, Georgia 30241 (the "Premises").

2.

Please admit that on the date of incident you operated or managed a grocery store on the Premises.

3.

Please admit that Plaintiff fell on the Premises on the date of incident.

4.

Please admit that Plaintiff was an invitee on the Premises on the date of incident.

5.

Please admit that Plaintiff was an invitee on the Premises at the time of Plaintiff's fall.

6.

Please admit that a slippery substance on the floor of the Premises caused Plaintiff to fall on the date of incident.

7.

Please admit you, by and through employees on the Premises, had actual knowledge of a slippery substance on the floor of the Premises that caused Plaintiff's fall on the date of incident.

8.

Please admit you, by and through employees on the Premises, had constructive knowledge of a slippery substance on the floor of the Premises that caused Plaintiff's fall

on the date of incident.

9.

Please admit that Plaintiff fell in an area used by invitees of the Premises.

10.

Please admit that on the date of incident the area where Plaintiff fell is included within a designated area for inspection by your employees.

11.

Please admit you and your employees did not notify Plaintiff of a slippery substance on the floor of the Premises before she fell on the date of incident.

12.

Please admit that you are not aware of any statements from Plaintiff that she knew about a slippery substance on the floor of the Premises prior to the fall.

13.

Please admit at least one member of your staff observed Plaintiff's fall on the Premises on the date of incident.

14.

Please admit that at least one member of your staff assisted Plaintiff after the fall.

15.

Please admit that immediately following the fall, Plaintiff complained of having fallen due a slippery substance on the floor of the Premises.

23.

Please admit Plaintiff's medical expenses were reasonable and necessary for the treatment of injuries caused by her fall on the Premises on the date of incident.

24.

Please admit Plaintiff suffered permanent injuries as a result of her fall on the Premises.

Plaintiff's First Request for Admissions are served upon you together with Plaintiff's Complaint.

Respectfully submitted this 5th day of April, 2024.

MORGAN & MORGAN ATLANTA, PLLC

Kyle S. Fischer
Georgia Bar No.: 222820

408 12th Street, Suite 200
Columbus, Georgia 31901
T: (762) 240 – 9431
F: (762) 240 – 9479
Email: kfischer@forthepeople.com

16.

Please admit that immediately following the fall, Plaintiff complained of being injured or hurt as a result of her falling due to a slippery substance on the floor of the Premises.

17.

Please admit that on the date of incident, you had a written policy or guidelines for slip and fall prevention on the Premises.

18.

Please admit that jurisdiction and venue for this action are proper in this Court.

19.

Please admit that service of process on you was proper.

20.

Please admit that, when Plaintiff fell, one of your employees was within 10′ feet of the area where Plaintiff fell on the Premises.

21.

Please admit Plaintiff suffered bodily injuries as a result of her fall on the Premises on the date of incident.

22.

Please admit Plaintiff incurred medical expenses for treatment related to injuries she sustained on the Premises on the date of incident due to falling on the Premises.

IN THE STATE COURT OF TROUP COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JOEANN DEAN,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC.; ABC CORPS #1-3; AND JOHN DOES #1-3,<br><br>Defendants. | CIVIL ACTION FILE NO.:<br><br>JURY TRIAL DEMAND |

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT

COMES NOW Plaintiff and serves upon Defendant Plaintiff's First Continuing Interrogatories to be answered under oath and within forty-five (45) days from service hereof in accordance with O.C.G.A. § 9-11-33.

These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial. Any such supplemental answers are to be filed and served upon counsel for Plaintiffs within forty-five (45) days from the receipt of such information, but not later than the time of trial.

### DEFINITIONS

When used in these Interrogatories, the term "Defendant," or any synonym thereof, is intended to and shall embrace servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of Defendants.

As used in these Interrogatories, the following words and phrases have the meanings set forth below.

(1) "You" and "your" means and refers to the Defendant to whom these interrogatories are directed, and includes your agents, employees, insurance company and their agents and employees, your attorneys, investigators and anyone else acting on your or their behalf.

(2) The term "document" means and includes all correspondence, writings, records, memoranda, drawings, graphs, charts, photographs, motion pictures, videotapes, videodisks, audiotapes or other sound recordings, books, ledgers, financial records, checks, drafts, receipts, forms prescribed by government agencies, computer tapes, computer disks, computer printouts, photocopies, microfilm, microfiche, and any other data, sound, or image compilation or recording from which information regarding the described transactions can be obtained, translated if necessary by respondent through appropriate and necessary devices into reasonably useable and intelligible form.

(3) "Person" includes any individual, corporation, partnership, government, or business entity, and group of persons associated in fact although not a legal entity.

(4) "Identify" means the following:

(a) When used with respect to individuals, means to state the full name, address, telephone number, place of employment, job title and present whereabouts of such person;

(b) When used with respect to persons other than individuals, as the term "persons" is identified in (3) above, means to state the full name, address and telephone number of such "person" together with the name, address, telephone number and job title

of the employee, agent, servant or representative of such "person" who has knowledge of the particular facts or possession, custody or control of the particular documents of which discovery is sought;

(c) When used with respect to documents, tangible objects, or other items of real or demonstrative evidence, means to list the items of which discovery is sought, describe them in specific detail (give an exhibit number for each if one has been assigned) and state the name, address and telephone number of the person who presently has possession, custody or control over each item of real or documentary evidence listed; and

(d) When used with respect to facts, circumstances or information, means to give a concise summary of the nature and substance of the facts, circumstances or information of which discovery is sought.

INTERROGATORIES

1.

Please identify the full and correct legal names of the owners of the real property, and the operator all businesses operated on that property, located at 955 Lafayette Pkwy, LaGrange, GA, Troup County, Georgia 30241 (the "Premises") on July 25, 2022 (the "date of incident"), including names and addresses where those parties may be served. If these are different persons or entities, please clarify which one was the owner and which one was the operator.

2.

Identify the names and addresses for all of your employees working at or near the location of the incident on the Premises on the date of incident.

3.

If you contend that Plaintiff has brought action against the wrong entity due to a misnomer or otherwise, please state the complete name of the correct defendant in this action; and further state whether you will accept service of an amended Summons and Complaint reflecting the information furnished by you in response to this Interrogatory.

4.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26(b)(2), please identify any policy or policies of liability insurance which would or might inure to the benefit of Plaintiff by providing for payment of a part of, or all of any judgment rendered in favor of Plaintiff against Defendant or against any other person, firm or corporation which is or may be liable to Plaintiff by reason of the incident described in the Complaint.

5.

Please identify all persons (including employees and other witnesses) who to you or your representatives' knowledge, information or belief:

(a) Were eyewitnesses to the incident that gives rise to this lawsuit;

(b) Have relevant knowledge concerning the incident that gives rise to this lawsuit, any issue of liability or the damages in connection with this lawsuit, who were not identified in sub-part (a);

(c) Arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence;

(d) Assisted Plaintiff after his fall on the Premises;

(e) Were on duty at the time of the fall and/or filled out an incident report.

6.

Please identify all persons who have given written or recorded statements covering the facts and/or circumstances of the incident, which is the subject matter of this litigation, and state the name of each person, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

7.

Please identify any video, film, photographs, diagrams or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint on the Premises.

8.

Please identify each person (whether your employee or a claims adjuster, etc.) who has made an investigation or study of the subject incident or location of the Premises.

9.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26(b)(4), please identify all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter. With your response, please include all of the experts' opinions in this case, the basis for those opinions, and all the facts, evidence, and documents relied upon in reaching those opinions.

10.

Identify the person or entity responsible for cleaning, mopping, and/or inspecting the Premises on the date of incident. Were these person(s) employees or agents of

Defendant? If not, please identify what entity employed them.

11.

In reference to the individual(s) identified in Interrogatory #10, state the following:

(a) The times that the inspections, cleaning, or mopping was performed;

(b) Whether there was any documentation or recording of the work performed and who performed said work on the date of incident on the Premises; and

(c) The name, addresses, present place of employment, work telephone numbers, job titles, and present whereabouts of any and all persons who have knowledge of the inspection, cleaning, or mopping performed on the Premises on the date of incident.

12.

Do you contend that the injuries complained of in this case were caused by the negligence of any party other than Defendant or Defendant's agents, employees and servants? If your answer is yes, please identify:

(a) The party who you believe is negligence;

(b) Every act of negligence which you claim such party committed by or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case;

(c) Each and every fact and reason upon which you base your contentions; and

(d) Each and every person who has knowledge or information concerning each fact.

13.

To your information or belief, has there been any surveillance, photographs or videos of *any* party? If so, identify what party was photographed or videoed, and all persons who now have had custody and control of any records, tapes, films or other recording of such surveillance.

14.

Please identify each individual who was responsible for the cleanup, inspection, or maintenance of the area on the Premises which is the subject of this action on the date of this incident. State whether these individuals were your employees or agents. If not, please identify what entity employed them at the time of Plaintiff's fall.

15.

State each and every fact upon which you rely for each affirmative defense in your Answer to Plaintiff's Complaint.

16.

Identify all employees, contractors, and guests known to be on the Premises on the date of incident.

17.

Describe in detail your process or system for documenting, reporting, and investigating incidents involving injuries to guests on the Premises which were effect on the date of incident, including those procedures related to taking incident reports.

18.

Please state whether there existed, on the date of incident, any procedure or program for the regular inspection of the Premises by you or someone acting in your behalf, which such procedure or program was designed to identify and/or discover potential hazards to the users of the premises thereof. If so:

(a) Provide a general description of each such procedure or program, including the identity of each person charged with the responsibility for implementing and conducting each such procedure or program;

(b) State the regularity with which each such procedure or program was to be implemented or conducted, if applicable;

(c) State whether the procedure or program had been carried out prior to the date of the subject incident; and

(d) Identify all documents relating to each procedure or program and their findings.

19.

Please identify any and all procedures or programs for inspection of the subject property, existing on the date of this incident as alleged in the Complaint, including the following:

(a) Provide a general description of each such procedure or program, including all timing requirements for performing the inspection(s);

(b) Identify each person charged with said inspection(s);

(c) Identify each person charged with implementing and conducting each such

procedure or program; and

(d) Identify all documents relating to such procedure or program and their findings.

20.

Please identify any and all changes that have been made to your policies and/or procedures concerning inspections at the subject property since the date of this incident as alleged in the Complaint.

21.

If you acknowledge that Plaintiff fell on the Premises on the date of incident, please describe in detail how and why she fell. With your response, identify the source for the facts and evidence supporting your response.

22.

Were you or any of your employees aware of any evidence of a slippery substance on the ground near or around Plaintiff on the date of incident either BEFORE or AFTER she fell? If so, please describe in detail when and how you or your employees were aware of the broken concrete on the date of incident.

23.

Please identify any and all other similar incidents or allegations for which a visitor or employee has complained (either by letter, email, or verbally) of a slip, trip, and/or fall at the Premises, occurring during the last three (3) years.

24.

Identify any and all incident reports and/or documentary writings made by you concerning the incident at issue.

25.

Identify any and all safety manuals and written procedures effective on the date of this incident as alleged in the Complaint, concerning slip, trip and/or fall prevention on the Premises.

26.

Identify the name and residential address of the manager of the Walmart Supercenter located on the Premises on the date of the incident.

27.

Please state whether, in compiling your answers to these Interrogatories, you have made a reasonable and diligent effort to identify and provide not only such facts as are within your personal knowledge, but such facts as are also reasonably available to you and/or any person acting on your behalf.

Plaintiff's First Interrogatories are served upon you together with Plaintiff's Complaint.

*(signature on following page)*

Respectfully submitted this 5th day of April, 2024.

MORGAN & MORGAN ATLANTA, PLLC

Kyle S. Fischer
Georgia Bar No.: 222820

408 12th Street, Suite 200
Columbus, Georgia 31901
T: (762) 240 – 9431
F: (762) 240 – 9479
Email: kfischer@forthepeople.com

IN THE STATE COURT OF TROUP COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JOEANN DEAN,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC.; ABC CORPS #1-3; AND JOHN DOES #1-3,<br><br>Defendants. | CIVIL ACTION FILE NO.:<br><br>JURY TRIAL DEMAND |

**PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT**

COMES NOW Plaintiff and hereby requests that Defendant produce for inspection and copying the following documents in the possession, custody, or control of Defendants and its representative pursuant to O.C.G.A. § 9-11-34 within forty-five (45) days from the date of service hereof at the Law Firm of Morgan & Morgan Atlanta, PLLC., 408 12th Street, Suite, 200, Columbus, Georgia, 31901 or Post Office Box 57007, Atlanta, Georgia 30343-1007, or at such other time, date, and location agreed to by counsel for defendant and the undersigned counsel, and to serve a written response hereto within forty-five (45) days from the date of service hereof.

DEFINITIONS

If a privilege is claimed as to any documents covered by this request for production, plaintiffs ask that each document to which privilege is claimed be identified with such particularity and in such a manner that the Court, and not counsel unilaterally, may determine whether the document is indeed entitled to privileged status.

As used herein, the terms listed below mean the following:

1. "Document" means every writing, electronic data or file, printing, record, graphic, photographic or sound reproduction of every type and description that is in your possession, control, custody and knowledge, including but not limited to correspondence, memoranda, agreements, minutes, assignments, records, stenographic and handwritten notes, diaries, notebooks, account books, orders, invoices, notices, statements, bills, files, checks, check stubs, account ledgers, maps, charts, diagrams, analyses, books, pamphlets, work sheets, data sheets, statistical compilations, data cards, microfilms, computer records (including printouts, floppy discs or other magnetic storage media), e-mails, tapes, photographs, pictures, recordings (both voice and videotape) and all copies of such documents, writings or records when such copies contain any commentary or notation whatsoever that does not appear on the original.

2. "Person" means any natural person, organization, corporation, partnership, proprietorship, association, group of persons, or any governmental body or subdivision thereof.

3. If you contend that any documents are privileged or protected by the attorney work product doctrine, please produce a Privilege Log for those documents.

4. The headers applied to these requests are for organizational purposes and for use as shorthand in meet and confer conferences. The words in the headings are not a substitute for a full reading of the words in the actual request.

SPECIFIC REQUESTS

1.

Please produce all documents evidencing the ownership of the property and any businesses located at 955 Lafayette Pkwy, LaGrange, GA, Troup County, Georgia 30241 (the "Premises") on July 25, 2022 (the "date of incident").

2.

Please produce each and every document, tangible object, or other item of real, demonstrative or documentary evidence which provides any and all factual support for each defense asserted by you in Answer to Plaintiff's Complaint.

3.

Any and all photographs, videos, drawings, maps or sketches of the scene of the incident.

4.

Any surveillance photographs, movies, or videotapes made of Plaintiff.

5.

Each and every insurance agreement under which any person carrying on an insurance business may be liable to you to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment.

6.

All documents relating to any controversy as to whether or not coverage is afforded to you under any insurance agreements, including but not limited to any non-

waiver agreements and letters of reservation of rights.

7.

Each and every document comprising a report made by any person, firm, association or other entity (including insurance adjusters and management) that has conducted any investigation to determine any of the facts pertaining to any of the issues in this action.

8.

Each and every document comprising a report made by any person you expect to call as an expert witness on the trial of this case.

9.

Each and every document relating to any facts about the subject matter of this action furnished by you to any expert you expect to call as an expert witness on the trial of this case.

10.

Each and every document relating to any written or recorded statement inquired about in Interrogatory No. 6 of Plaintiff's First Interrogatories propounded to you.

11.

All statements previously made by Plaintiff concerning the subject matter of this action.

12.

All documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, effective on the date of

this incident as alleged in the Complaint.

13.

All documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, effective after the date of this incident as alleged in the Complaint.

14.

The safety policies, manuals, standards, guidelines, handbooks, memos and procedures effective on the date of this incident as alleged in the Complaint for the subject property, including but not limited to any references to procedures for inspection of the premises, or any reference to prevention of slips, trips, and falls.

15.

The safety policies, manuals, standards, guidelines, handbooks, memos and procedures effective after the date of this incident as alleged in the Complaint for the Premises.

16.

A blank copy of the incident report used by Defendants for documenting and reporting Plaintiff's fall on the Premises on the date of incident alleged in the Complaint.

17.

A fully legible copy of the incident report completed by you and regarding Plaintiff's fall at the subject property on the date of this incident as alleged in the Complaint.

18.

All written notes, schedules, memos, computer documentation, emails, letters, reports, etc., which evidence any non-privileged communication relating to this incident in anyway.

19.

Copies of documents you obtain through any responses to requests to non-parties in this action.

20.

All surveillance or security video from every video camera on the premises from two hours before Plaintiff's fall on the date of incident through two hours after Plaintiff's fall on the Premises.

21.

Copies of all letters, documents, reports, invoices, service records and emails concerning incidents of trips, slips, and/or falls on the Premises for the last three (3) years.

22.

Please produce all technical bulletins or directives sent by you or posted at the subject property concerning slip, trip, and fall safety issues in the last 5 years.

23.

Any and all warnings you contend you provided, either verbally or by signage, with respect to the area at the subject property prior to Plaintiff's incident on the date of the incident as alleged in the Complaint.

24.

Copies of any and all of your employee timesheets, reports, employee personnel files, and emails concerning any employee responsible for monitoring, inspecting, or maintaining the location of Plaintiff's fall at, or near, the date of incident alleged in the Complaint.

25.

A copy of all incident reports, witness and employee statements gathered in conjunction with the incident report completed by you and regarding Plaintiff's fall at the subject property on the date of the incident as alleged in the Complaint.

26.

A copy of all correspondences between any Defendant, Defendant's insurance company, and Plaintiff since the date of incident.

Plaintiff's First Request for Production of Documents is served upon you together with Plaintiff's Complaint.

Respectfully submitted this 5th day of April, 2024.

MORGAN & MORGAN ATLANTA, PLLC

[signature]

Kyle S. Fischer
Georgia Bar No.: 222820

408 12th Street, Suite 200
Columbus, Georgia 31901
T: (762) 240 – 9431
F: (762) 240 – 9479
Email: kfischer@forthepeople.com